### HAMMOND TALLE *v.* AMOS TALLE.

**Mortgagee in Possession.**

>    A bond which in fact is executed to secure a debt is a mortgage, and though not recorded is valid as between the parties and those having knowledge of it; and where the mortgagee is placed in possession in a suit to annul the bond and divide the bond, it is proper for the court to refer the case to a commissioner to take proof of the state of the accounts between the mortgagee and mortgagor, charging the mortgagee with the reasonable rents of the land during the time he has held the possession.

#### APPEAL FROM LEWIS CIRCUIT COURT.

January 17, 1884.

OPINION BY JUDGE HARGIS:

The bond executed by Amos Talle to his brother, Hammond Talle, is legally a mortgage to secure to the latter the payment of $500 which the former agreed therein he was indebted to him. The bond, while not recorded, is valid as a mortgage between the parties, and as to others who may have become interested in the land

with actual notice of its existence. It was voluntarily executed, the mortgagee placed in possession, which he retained for about sixteen years before this action was brought to annul the bond and divide the land embraced by it, and which descended to them from their father. The deed made by the commissioners appointed by the county court is conclusive of the extent of the rights of the parties named in it. It shows that the ancestor had other lands, and a fourth interest in the tract embraced by it was evidently intended to be the share of those named in it, and not the result of a mistake as to the number of heirs. The only question, therefore, is whether the court erred in holding the bond voidable, and rendering judgment in favor of appellee for one-fourth of the land embraced in it. The bond was solemnly executed, fully understood by the parties and treated by them as at least a valid mortgage for many years. The appellant held the land under it, offering by letter to allow the appellee to redeem on condition that he made a fair settlement. It can not, therefore, be gotten rid of by the parol evidence of the appellee alone by verbal admissions which go no farther than to support the theory that it was a mortgage instead of a bond for title.

Whether the appellee was or not indebted in the sum of $500 which he agreed by the bond he was indebted can not be settled in his favor on any mere parol admission by appellant, in substance that no consideration existed, when the appellant on oath denies such admission and is supported by the written admission and promise of the appellee that he did owe him $500. The only question of moment in this case is, on a full and fair settlement, whether the appellee is indebted to the appellant in the sum of $500 or any other amount. If the settlement evidenced by the bond is shown by pleading and proof to have been the result of fraud or mistake the real state of accounts at the date of the bond may be gone into and shown; otherwise the sum stated in the bond must be treated as the true difference between them at that time. But any subsequent payments made in any way may be shown and credited on the bond. The state of their accounts is not sufficiently satisfactory to authorize a final determination of the case without further preparation.

On the return of the cause, therefore, the court should refer the case to the master commissioner to take proof of their transactions and the indebtedness of each to the other, taking into consideration

the reasonable rents of the lands since appellant took and while he held possession of it, allowing him credit for lasting and valuable improvements and taxes paid by him. In order to insure justice and the equities of the parties they should be allowed to amend their pleadings.

Wherefore the judgment is reversed and cause remanded for further proceedings consistent with this opinion.

*Geo. T. Halbert, J. & J. W. Rodman, for appellant.*

*Thomas & Garland, & Pugh, for appellee.*